UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CRIMINAL NO. CR04-20036-001 |
| SHAWN D. ADAMSON, | ) ) ) | |
| Defendant. | ) | |

**FILED**
NOV 1 6 2004
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and the defendant, Shawn D. Admason, personally and by his attorney, Tiffani D. Johnson, have agreed upon the following:

SCOPE

1.  This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2.  This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside

- 2 -

the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

## THE PLEA

3.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant will enter a plea of guilty to Count 1, the sole count in the indictment in this cause. Count 1 of the indictment charges the defendant with Possession of a Firearm by a Felon in violation of Title 18, United States Code, Section 922(g). Pursuant to Fed.R.Crim.P. 11(c)(1)(B), if the Court does not accept the recommendations of the parties as set forth below, the defendant understands that he does not have the right to withdraw his plea of guilty.

## ELEMENTS OF THE CHARGE

4.  The defendant has personally read the indictment and the charge to which the defendant is pleading guilty. The indictment and the charge have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty.

5.  The offense of Possession of a Firearm by a Felon in violation of Title 18, United States Code, Section 922(g) has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

   (a).  First, that prior to February 19, 2004, the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year;

   (b).  Second, that on February 19, 2004, the defendant knowingly possessed a firearm; and

   (c).  Third, that the firearm possessed by the defendant had traveled in interstate

- 3 -

commerce prior to defendant's possession of it on that date.

6. Possession of an object is the ability to control it. Possession may exist even when a person is not in physical contact with the object, but knowingly has the power and intention to exercise direction or control over it, either directly or through others.

7. The term "knowingly" means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

8. A firearm has traveled in interstate commerce if it has traveled between one state and any other state or country, or across a state or national boundary line. The government need not prove how the firearm traveled in interstate commerce, that the firearm's travel was related to the defendant's possession of it, or that the defendant knew the firearm had traveled in interstate commerce.

## POTENTIAL PENALTIES

9. The charge of Possession of a Firearm by a Felon in violation of Title 18, United States Code, Section 922(g), a Class C felony, has the following potential penalties:

    (a). Maximum ten year period of imprisonment;

    (b). Maximum $250,000 fine; and

    (c). Maximum three year period of supervised release.

10. The defendant further understands and agrees to pay the mandatory $100 in Special Assessments for the sole count of the indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the Clerk of the United States District Court and understands

- 4 -

that he will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

11.  The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

12.  The defendant understands and agrees that the parties have not agreed on the amount of restitution. Restitution may also include the cost of incarceration and supervision, and the parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## ACCEPTANCE OF RESPONSIBILITY

13.  The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1(a) of the United States Sentencing Guidelines and, therefore, a two-level reduction (three levels if the defendant's offense level is 16 or greater) in the offense level is appropriate. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States. The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent determination concerning the defendant's acceptance of responsibility. An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

- 5 -

## SENTENCING RECOMMENDATIONS AND THEIR EFFECT UPON THE COURT

14. The United States and the defendant remain free to recommend whatever sentence each party deems appropriate, respectively.

15. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, subject to the limitations of the United States Sentencing Guidelines.

16. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines, but may depart from those guidelines under some circumstances.

17. The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## STIPULATION OF FACTS

18. The defendant will plead guilty because he is in fact guilty. In pleading guilty, the defendant stipulates and agrees that the United States could prove the following to a jury beyond a reasonable doubt:

On February 21, 2004, around 9:00 p.m., several Coles County probation officers, including Officer Steve Kelly, went to Hannah's Inn, 4922 Lake Paradise Road, Mattoon, in Coles County, in the Central District of Illinois, to conduct a home visit. During the visit, the probation officers encountered the defendant, Shawn D. Adamson, walking outside the motel.

- 6 -

On that date, the defendant had a prior conviction for Possession of a Controlled Substance in Coles County, Illinois case number 01-CF-29, for which he had been sentenced to 18 months in the Illinois Department of Corrections.

Mattoon Police Officer Brad Gabel, followed by Officer Jeremy Clark and Auxiliary Officer Steve Newlin, arrived at the motel. Officer Gabel observed the defendant acting nervously and clutching a bundle of clothes in his arms very tightly. Officer Clark asked the defendant if he would consent to a search. Officer Clark instructed the defendant to put down the bundle of clothing and place his hands on the hood of a nearby truck. The defendant then placed the bundle of clothing in the bed of a pickup truck parked next to where they were standing and put his hands on the truck. Officer Clark searched the defendant, but did not find anything. While Officer Clark was searching the defendant, Officer Kelly felt what he believed to be a gun in the bundle of clothes and told Auxiliary Officer Newlin. Auxiliary Officer Newlin then felt the gun as well and told Officers Gabel and Clark that he and Probation Officer Kelly had found what appeared to be a small metal object, which they believed to be a gun, wrapped up in the defendant's bundle of clothing. Officer Clark then picked up the bundle of clothing and felt what he believed to be a handgun.

Officer Gable and Clark unwrapped the bundle of clothing and found a small, stainless steel, Jennings Firearms, Inc., Model J-22, .22 caliber semi-automatic pistol (serial number 177169) with wooden grips with a magazine with three hollow point rounds in the clip and one in the chamber. On April 23, 2004, Special Agent Dennis Fritzsche of the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the Jennings, J-22, .22 caliber semi-automatic pistol was manufactured in the State of California.

- 7 -

## CONDITIONAL PLEA OF GUILTY

19. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the government hereby consents to defendant entering a conditional plea of guilty in this case, specifically reserving defendant's right on appeal from this judgment to appellate review of the adverse determination by the Court on November 3, 2004 of the defendant's motion to suppress evidence.

## ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

20. The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

21. The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights. Specifically, the defendant understands that by pleading guilty he is waiving the following rights, among others:

    a.    The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

    b.    The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also

- 8 -

ask for a trial by the Judge instead of a trial by a jury.

    c.    The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

    d.    The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

    e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

22.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

23.    Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client, Shawn D. Adamson. It accurately and completely sets forth the entire Plea Agreement. I concur in the

- 9 -

guilty plea as set forth in this Plea Agreement.

Date: November 16, 2004                    s/Tiffani D. Johnson
                                                            Tiffani D. Johnson
                                                            Attorney for the Defendant

24.    Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, Tiffani D. Johnson. I fully understand this agreement and accept and agree to it without reservation.

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

- 10 -

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date: November 16, 2004

s/Shawn D. Adamson
Shawn D. Adamson
Defendant

### ACKNOWLEDGMENT OF THE UNITED STATES

25.  United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

Date: November 16, 2004

s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 South Vine Street
Urbana, Illinois 61802
Telephone: 217/373-5875