E-FILED
Wednesday, 16 February, 2005  11:12:30 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**DANVILLE/URBANA DIVISION**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 04-20036 |
| ) | |
| **SHAWN ADAMSON,** ) | |
| ) | |
| **Defendant.** ) | |

_____

**ORDER**
_____

Defendant in this matter has filed a Supplemental Commentary on Sentencing Factors. In the commentary, Defendant raises a number of concerns about the manner in which this court will conduct its sentencing hearings in light of the recent Supreme Court decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). With regard to the factors this court will consider in determining an appropriate sentence, this court is well aware of its obligations now that the Supreme Court has determined that the United States Sentencing Guidelines are advisory. As the Supreme Court has stated, this court must "take account of the Guidelines together with other sentencing goals." Booker, 125 S. Ct. at 764. Prominent among what this court must consider in fashioning an appropriate sentence are the factors set forth in 18 U.S.C. § 3553(a). Booker, 125 S. Ct. at 766. In employing these factors, the guidelines, and other considerations, the court will set forth its reasoning at the sentencing in this matter.

Defendant further asks the court to clarify the burden of proof the court will use in making

sentencing determinations. Defense counsel argues that, following <u>Booker</u>, this court must use a beyond a reasonable doubt standard in ruling on enhancements made pursuant to the Sentencing Guidelines and in ruling on objections to the Presentence Investigation Report. On February 2, 2005, in <u>McReynolds v. United States</u>, the Seventh Circuit put this argument to rest. In discussing the implications of the <u>Booker</u> decision, the court stated:

> What is more, <u>Booker</u> does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of <u>Booker</u> held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application.

<u>McReynolds v. United States</u>, ___ F.3d ___, 2005 WL 237642, at *2 (7th Cir. 2005). This court will follow the Seventh Circuit's pronouncement in conducting sentencing hearings following <u>Booker</u>.

ENTERED this 16th day of February, 2005.

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
CHIEF JUDGE